UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

JOHN KWON,

      Plaintiff,

      v.

GOLD COAST SPORTS CARS, LLC,
 and EVAN CHRISTODOULOU,

      Defendants.

-------------------------------------------------------X

Case No.  20 CV 4811

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

      Plaintiff, JOHN KWON, by and through his attorney, THE LAW OFFICE OF CHRISTINA GIORGIO, PLLC, as and for his Complaint, alleges as follows:

## NATURE OF THE CASE

      1.      Plaintiff John Kwon brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190, *et seq*. (N.Y. Lab. Law) to recover minimum wage and overtime payments Defendants failed to pay to him as required by law.  Plaintiff additionally brings this action to remedy Defendants' failure to give written notice regarding rate of pay and wage statements in violation of N.Y. Lab. Law § 195(1) and §195(3), respectively.  Plaintiff further brings this action to remedy Defendant Gold Coast Sports Cars, LLC's unlawful termination of Plaintiff in violation of  N.Y. Lab. Law §740. Plaintiff  also seeks declaratory relief and damages to redress the injuries he has suffered as a result of discrimination on the basis of sex and race at the hands of his former employer, Gold Coast Sports Cars, LLC and its owner, Evan Christodoulou, in violation of the New York State Human Rights Laws.

1

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C § 201, *et seq*. This Court has supplemental jurisdiction over the New York State law claims under 28 U.S.C. § 1367.

3. On or around September 22, 2020, Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which issued the Charge number 520-2020-05486. Plaintiff will amend his complaint to add claims under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") after having satisfied all administrative prerequisites.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) based upon Defendants' place of business within this District and because the acts and/or omissions giving rise to the claims occurred within this District.

## THE PARTIES

5. Defendant Gold Coast Sports Cars, LLC is a New York Limited Liability Company that operates a Porsche car dealership, Porsche Gold Coast, at 125 S. Service Road, Jericho, New York.

6. Upon information and belief, Gold Coast Sports Cars, LLC is an enterprise with annual gross volume of sales not less than $500,000, the activities of which affect interstate commerce in that its employees are engaged handling, selling or otherwise working goods and materials that have moved in interstate commerce.

7. Defendant Evan Christodoulou is an owner and principle member of Gold Coast Sports Cars, LLC.

8. At all relevant times, Defendants were "covered employer[s]" and/or "employer[s]" under all relevant statutes, including, *inter alia*, the FLSA, New York State Executive Law § 296 *et seq.* and N.Y. Lab. Law.

9. Defendant Evan Christodoulou exercises sufficient control over Gold Coast Sports Cars, LLC's day to day operations to be deemed Plaintiff's employer under the FLSA and New York State law, including, *inter alia*, New York State Executive Law § 296 *et seq.* and N.Y. Lab. Law.

10. Defendant Evan Christodoulou is regularly present at Gold Coast Sports Cars, LLC to manage the Porsche dealership's financials and to supervise and discipline employees.

11. Defendant Evan Christodoulou has the authority to hire and fire employees at Gold Coast Sports Cars, LLC.

12. Defendant Evan Christodoulou has the authority to schedule employees, including managers, at Gold Coast Sports Cars, LLC.

13. Defendant Evan Christodoulou has the authority to set rates of pay of employees at Gold Coast Sports Cars, LLC.

14. Plaintiff is a Korean American male, born in Seoul, Korea and raised in the State of New York, County of Queens.

15. Plaintiff was employed as a sales representative at Gold Coast Sports Cars, LLC from February 5, 2019 until May 19, 2020.

## **FACTUAL ALLEGATIONS**

16. Around February 5, 2019, Defendants hired Plaintiff, a male of Korean descent, for a sales team position at its Jericho Porsche dealership.

17. Plaintiff was a seasoned car sales professional with nearly a decade of experience prior to accepting Defendants' offer of employment.

18. At all times of his employment with Defendants, Plaintiff was a good employee, going above and beyond for his customers and employer.

### Defendants Violated Federal and State Wage and Hour Laws

19. The minimum wage under New York State Law was $12.00 per hour from January 1, 2019 to December 31, 2019 and $13.00 per hour from January 1, 2020 until December 31, 2020.

20. While Defendants employed Plaintiff, the federal minimum wage was $7.25 per hour.

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Throughout his employment, Defendants paid Plaintiff entirely on a commission basis.

23. Defendants paid Plaintiff no base salary nor hourly wages.

24. For approximately the first six months of his employment, two weeks a month, Plaintiff worked at least forty-seven (47) hours per week.

25. During that same approximate six-month period, the other two weeks a month, Plaintiff worked at least fifty-two (52) hours per week.

26. For the remainder of his employment with Defendants, Plaintiff worked at least forty-seven (47) hours per week.

27. During his employment, Defendants repeatedly failed to pay Plaintiff the required minimum wage and overtime as required under the FLSA and N.Y. Lab. Law.

28. For example, for approximately nine (9) weeks, Defendants failed to pay Plaintiff federal minimum wage.

29. For at least eight (8) of those weeks, Defendants failed to pay Plaintiff a single penny despite having worked in excess of 40 hours each of those weeks.

30. For at least ten (10) weeks, Defendants failed to pay Plaintiff required overtime under federal law.

31. During at least twenty-one (21) weeks, Defendants failed to pay Plaintiff the minimum wage required by New York State law.

32. For at least twenty (20) weeks, Defendants failed to pay Plaintiff the required overtime under New York State law.

## Defendants Violated Wage Notice and Wage Statement Requirements Under N.Y. Lab. Law

33. Upon hiring Plaintiff, Defendants failed to give Plaintiff written notice regarding his rate of pay and basis thereof, whether paid by the hour, shift, week, salary, piece, commission or other, the regular pay day designated, the name of the employer and any doing business as name used by Defendants, the physical address of Defendants' main office or principal place of business and mailing address as required by N.Y. Lab. Law § 195.1.

34. Further during pay periods during which Defendants failed entirely to pay Plaintiff for the hours he worked, Defendants did not issue Plaintiff a wage statement, as required by N.Y. Lab. Law § 195-3.

## Defendants Violated Plaintiff's Right to be Free of Sex Discrimination At Work

35. In addition to failing to comply with federal and state wage and hour laws, Defendants violated Plaintiff's right to be free from sex discrimination/sexual harassment in the workplace by engaging in sexualized conduct that truly shocks the conscience.

5

36. Specifically, within months of providing State mandated sexual harassment training and within days of Governor Cuomo declaring a state of emergency concerning the Corona Virus/Covid-19, Defendant Evan Christodoulou sent to Plaintiff three profoundly disturbing and offensive Corona Virus/Covid-19 themed pornographic videos.

37. First on March 12, 2020, Defendant Evan Christodoulou texted Plaintiff a pornographic video showing a woman washing her hands using a dildo soap dispenser that ejaculated soap when she simulated a "hand job" on the dildo. A song about the Corona Virus blasts in the background.

38. On March 18, 2020, Defendant Evan Christodoulou texted Plaintiff a second pornographic video showing a woman wearing a N95 mask performing fellatio on an erect penis.

39. On that same day, Defendant Evan Christodoulou again texted Plaintiff a third pornographic video showing a fully nude Asian stripper repeatedly penetrating herself with a Corona Beer bottle. The video declares women penetrating themselves with Corona Beer bottles are the "Real Cause of the Corona Virus."

40. Plaintiff's Evan Christodoulou's sexualized misconduct deeply offended Plaintiff.

41. Defendant Evan Christodoulou sending Plaintiff three extremely offensive pornographic videos, all mocking the seriousness of this global health crisis that has killed more than 200,000 Americans, was extreme and outrageous.

42. Upon information and belief, Defendant Evan Christodoulou did not text message the above described pornographic videos to Plaintiff's female co-workers.

43. The above are just some examples of the sex-based discrimination to which Defendants' subjected Plaintiff.

**Defendants Violated State Human Rights Laws Prohibiting Race Discrimination**

44. Defendants have a relatively high number of Chinese clients.

45. Shortly after starting work with Defendants, Evan Christodoulou started asking Plaintiff for his opinion on how to appeal to and attract Chinese purchasers.

46. For example, throughout Plaintiff's employment, Evan Christodoulou repeatedly singled out Plaintiff and asked him how to market to potential Chinese purchasers, including soliciting Plaintiff's recommendations on what Chinese newspapers Defendants should place advertisements.

47. As Plaintiff is of Korean descent, he does not speak Chinese and had no specialized understanding of the Chinese culture or community in the New York/Long Island area.

48. Accordingly, Plaintiff had no advice to give Defendant Evan Christodoulou in response to his solicitations concerning Chinese clientele.

49. Defendant Evan Christodoulou did not ask the non-Asian employees for their advice on recruiting and servicing Chinese clientele, including those non-Asian salespersons who had significantly more Chinese clients than Plaintiff.

50. Defendant Evan Christodoulou singled out Plaintiff because of a racist stereotyping that all Asians are the same, inappropriately assuming Plaintiff spoke Chinese and was affiliated culturally and communally with the Chinese community.

51. This racist stereotyping offended Plaintiff and made him uncomfortable.

52. Despite Plaintiff informing Evan Christodoulou that he was not Chinese, Defendant Evan Christodoulou continued to request Plaintiff's services with respect to recruiting Chinese clientele.

53. The above are some examples of the racially discriminatory conducts to which Defendants subjected Plaintiff.

**Defendants Unlawfully Terminated Plaintiff In Violation of N.Y. Lab. Law § 740**.

54. On March 20, 2020, Governor Cuomo issued Executive Order 202.8 (PAUSE) requiring all non-essential businesses to reduce their in-person workforce by 100% by March 22, 2020.

55. As the Governor excluded auto sales from the list of essential businesses, Defendant Gold Coast Sports Cars, LLC was obligated to reduce by 100% its in-person sales representatives.

56. Although auto sales remain non-essential, Governor Cuomo subsequently allowed auto sales to resume under strict rules, including showing cars only by appointment.

57. In response, Defendant Gold Coast Sports Cars, LLC ordered its sales representatives, including Plaintiff, all non-essential workers, to return to the showroom under conditions that failed to comply with the Governor's promulgated rules.

58. Among their many transgressions, Defendants allowed customers to enter the showroom without appointments.

59. Among other things, Defendants failed to institute social distancing.

60. Among other things, Defendants failed to require face coverings.

61. Among other things, Defendants failed to disinfect the workplace.

62. Among other things, Defendants failed to rope off the showroom floor.

63. In failing to implement the State's mandated safety rules, Defendants knowingly risked the spread of Covid-19 – the virus causing the most serious human health crisis in modern history.

64. Concerned for his safety, around May 15, 2020, Plaintiff expressed to Defendant Evan Christodoulou his concerns for his and the general public's health in light of Defendants' failure to comply with the Governor's showroom rules.

65. Unmoved, Defendant Evan Christodoulou informed Plaintiff he would be replaced if he refused to work from the showroom, despite being a nonessential worker and his ability to perform his job remotely.

66. The following Tuesday, May 19, 2020, Defendant Evan Christodoulou terminated Plaintiff's employment, asserting a need to reduce the sales team.

67. Plaintiff was the only sales team member singled out for termination.

68. Defendant Evan Christodoulou's explanation for the termination was pretextual.

69. The real reason Defendants terminated Plaintiff was in retaliation for his reporting and objecting to Defendants' violation of Governor Cuomo's Executive Order governing the operation of car dealerships and, as such, creating and presenting a substantial and specific danger of spreading Covid-19.

70. Defendants' decision to terminate Plaintiff, a seasoned sales representative, while retaining a novice college student on the sales staff lays bare Defendants' retaliatory motive.

71. Defendant Evan Christodoulou's dissemination of outrageous pornographic videos mocking the seriousness of the Covid-19 health crisis further demonstrates Defendants' retaliatory motive in terminating Plaintiff for reporting his objections to Defendants' failure to comply with Governor Cuomo's Executive Order governing car dealerships.

## AS A FIRST CAUSE OF ACTION
### (FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq*.)

72. Plaintiff realleges and incorporates by reference each paragraphs 1 – 33 of this complaint as if they were set forth again herein.

73. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

74. At all relevant times, Defendants employed "employees," including Plaintiff.

75. Defendants knowingly failed to pay Plaintiff the federal minimum wage for hours he worked.

76. Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the FLSA for minimum wage violations, attorney's fees and costs, pre- and post-judgment interest and such other legal and equitable relief as this Court deems just and proper.

## AS A SECOND CAUSE OF ACTION
**FLSA Overtime Violations, 29 U.S.C. § 207**

77. Plaintiff realleges and incorporates by reference paragraphs 1 – 32 of this complaint as if they were set forth again herein.

78. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

79. At all relevant times, Defendants employed "employees," including Plaintiff.

80. At all relevant times, Plaintiff worked in excess of forty (40) hours per workweek.

81. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff one-and-one-half times the minimum wage for work in excess

of forty (40) hours per workweek, and willfully failed to keep records required by the FLSA even though Plaintiff was entitled to overtime.

82. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## AS A THIRD CAUSE OF ACTION
### New York State Minimum Wage Act, New York Labor Law § 650 et seq.

83. Plaintiff realleges and incorporates by reference paragraphs 1 – 32 of this complaint as if they were set forth again herein.

84. Defendants knowingly paid Plaintiff less than the New York State minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

85. Defendants did not pay Plaintiff the minimum wage for hours worked.

86. Defendants failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law § 653.

87. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre-and post-judgment interest, costs and attorneys' fees as provided by N.Y. Lab. Law § 663.

## AS A FOURTH CAUSE OF ACTION
### New York Overtime Violations,
### New York Minimum Wage Action, N.Y. Lab. Law. § 650 *et seq*.
### N.Y.Comp. Code R. & Regs. Tit.12, § 146.1.4

88. Plaintiff realleges and incorporates by reference paragraphs 1 – 32 of this complaint as if they were set forth again herein

11

89. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

90. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate, one-and-one-half times his regular rate, for hours worked in excess of (40) hours per week.

91. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre-and post-judgment interest, cost and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**AS A FIFTH CAUSE OF ACTION**
**New York Notice Requirements,**
**N.Y. Lab. Law. § 195, 198**

92. Plaintiff realleges and incorporates by reference paragraphs 1 – 34 of this complaint as if they were set forth again herein.

93. Defendants did not provide Plaintiff with the notices required by N.Y. Lab. Law §§ 195.1 and 195.3.

94. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, pre- and post-judgment interest, cost and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**AS A SIXTH CAUSE OF ACTION**
**Unlawful Retaliatory Termination**
**N.Y. Lab. Law. § 740**

95. Plaintiff realleges and incorporates by reference paragraphs 1 – 71 of this complaint as if they were set forth again herein.

96. N.Y. Lab. Law § 740(2), in relevant part, prohibits an employer from taking any retaliatory personnel action against an employee because such employee discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation, the violation of which creates and presents a substantial and specific danger to the public health or safety or objects to, or refuses to participate in any such activity, policy or practice in violation of a law, rule or regulation.

97. Defendants terminated Plaintiff in retaliation for his expressing to Defendant Evan Christodoulou his concerns and objections to Defendants failure to comply with rules and regulations applicable to Defendants to confront the Covid-19 pandemic that has taken the lives of more than 200,000 Americans.

98. Defendants' conduct violated N.Y. Lab. Law § 740.

99. As a result of Defendants' unlawful conduct, Plaintiff is entitled to (a) reinstatement; (b) all lost wages, commissions, benefits, and other remuneration; and (c) reasonable attorney's fees, reasonable costs, and disbursements pursuant to N.Y. Lab. Law. § 740(5).

### AS A SEVENTH CAUSE OF ACTION
### VIOLATION OF NEW YORK EXECUTIVE LAW § 296
### (Against Defendants)

100. Plaintiff realleges and incorporates by reference paragraphs 1 – 71 of this complaint as if they were set forth again herein.

101. New York State Executive Law § 296(1)(a) provides in relevant part that it shall be an unlawful discriminatory practice for an employer because of an individual's sex to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

102. Defendant Gold Coast Sports Cars, LLC and Defendant Evan Christodoulou engaged in unlawful discriminatory practices in violation of New York State Executive Law § 296 by discriminating against the Plaintiff because of his sex and by creating a sex based hostile work environment and subjecting him to sexual harassment as alleged herein, including but not limited to paragraphs 35 - 43.

103. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff suffered severe emotional pain, severe emotional distress and physical injury, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses for which Plaintiff is entitled to monetary damages in an amount to be determined at trial.

104. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff is entitled to punitive damages, attorneys' fees and costs.

## AS AN EIGHTH CAUSE OF ACTION
## VIOLATION OF NEW YORK EXECUTIVE LAW § 296(6)
### (Against Defendant Evan Christodoulou)

105. Plaintiff realleges and incorporates by reference paragraphs 1 – 71 of this complaint as if they were set forth again herein.

106. New York State Executive Law § 296(6) provides: "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so."

107. Defendants Evan Christodoulou engaged in unlawful discriminatory practices by aiding and abetting unlawful discriminatory practices as alleged herein, including but not limited to paragraphs 35 - 43.

108. As a direct and proximate result of Defendant Evan Christodoulou's unlawful discrimination, Plaintiff suffered severe emotional pain, severe emotional distress and physical

injury, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses for which Plaintiff is entitled to monetary damages in an amount to be determined at trial.

109.    As a direct and proximate result of Defendant Evan Christodoulou's unlawful discrimination, Plaintiff is entitled to punitive damages, attorneys' fees and costs.

**AS A NINTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK EXECUTIVE LAW § 296**
**(Against Defendants)**

110.    Plaintiff realleges and incorporates by reference paragraphs 1 – 71 of this complaint as if they were set forth again herein.

111.    New York State Executive Law § 296(1)(a) provides in relevant part that it shall be an unlawful discriminatory practice for an employer because of an individual's race to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

112.    Defendant Gold Coast Sports Cars, LLC and Defendant Evan Christodoulou engaged in unlawful discriminatory practices in violation of New York State Executive Law § 296 by discriminating against the Plaintiff because of his race and by creating a race based hostile work environment as alleged, including but not limited to paragraphs 44 - 53.

113.    As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff suffered severe emotional pain, severe emotional distress and physical injury, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses for which Plaintiff is entitled to monetary damages in an amount to be determined at trial.

114.    As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff is entitled to punitive damages, attorneys' fees and costs.

## AS A TENTH CAUSE OF ACTION
## VIOLATION OF NEW YORK EXECUTIVE LAW § 296(6)
## (Against Defendant Evan Christodoulou)

115. Plaintiff realleges and incorporates by reference paragraphs 1 – 71 of this complaint as if they were set forth again herein.

116. New York State Executive Law § 296(6) provides: "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so."

117. Defendants Evan Christodoulou engaged in unlawful discriminatory practices by aiding and abetting unlawful discriminatory practices as alleged herein, including but not limited to paragraphs 44 – 53.

118. As a direct and proximate result of Defendant Evan Christodoulou's unlawful discrimination, Plaintiff suffered severe emotional pain, severe emotional distress and physical injury, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses for which Plaintiff is entitled to monetary damages in an amount to be determined at trial.

119. As a direct and proximate result of Defendant Evan Christodoulou's unlawful discrimination, Plaintiff is entitled to punitive damages, attorneys' fees and costs.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREAS**, Plaintiff prays for the following relief jointly and severally against Defendants:

a. Damages for emotional distress, physical injury, lost wages, back pay, front pay, lost commissions, statutory damages, liquidated damages, medical expenses, and any other compensatory damages as permitted by law and according to proof at trial;

b. Penalties available under applicable law;

c. Punitive damages against the Defendants to the fullest extent allowable by law;

d. Cost of action incurred herein, including expert fees;

e. Award of Plaintiff's reasonable attorney's fees, expenses and costs under all applicable laws;

f. Pre-judgment and post-judgment interest, as provided by law;

g. A declaration that Defendants violated Plaintiff's state civil rights; and

h. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:   New York, New York
         October 7, 2020

                    **THE LAW OFFICE OF**
                    **CHRISTINA GIORGIO, PLLC**

By: _____
     Christina Giorgio, Esq. (CG0322)
     30 Wall Street, 8th Floor
     New York, NY 10005
     (212) 589 - 5010
     cgiorgio@giorgiolegal.com

     *Attorney for Plaintiff*