# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 6, 2021

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Joan M. Azrack, U.S.D.J.
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722-4438

      Re:    **Kwon v. Gold Coast Sports Cars, LLC,** *et ano.*
              **Case No.: 2:20-cv-4811 (JMA) (SIL)**
              **MLLG File No.: 127-2020**_____

Dear Judge Azrack:

      This firm represents the Defendants, who submit this letter motion in accordance with ¶ IV(B) of this Court's Individual Rules to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").  Defendants provide the bases of their anticipated motion below.

### **Plaintiff's Wage & Hour Claims Must be Dismissed for Failure to State a Claim**

      Plaintiff's wage-and-hour claims must be dismissed for several separate and distinct reasons.

      <u>First</u>, Defendants respectfully refer the Court to the complaint for the relevant factual details.  <u>See</u> Docket Entry 3.  Plaintiff was a car salesperson who is generally exempt from the overtime requirements under the FLSA.  <u>See</u> 29 U.S.C. § 213(b)(10).  Accordingly, Plaintiff's second cause of action should be dismissed.

      <u>Second</u>, Plaintiff alleges that Defendants failed to pay him minimum wage and overtime for several weeks during his employment.  However, Plaintiff was a salesperson at Defendants' Porsche dealership and was paid solely in commissions which must be averaged over an annual (or monthly) basis to determine his regular hourly rate.  <u>See</u> <u>Schwind v. EW & Associates, Inc.</u>, 371 F. Supp. 2d 560 (S.D.N.Y. 2005) (holding that the most reasonable and equitable method in determining the regular rate of pay based on deferred commission payments is to average the commissions received by plaintiff in a given year and allocate the average to each week).  The Court in <u>Schwind</u> found that this was necessary because of the fluctuating and irregular schedule in which plaintiff was paid.  <u>Id.</u>  This same reasoning applies here.

Hon. Joan M. Azrack, U.S.D.J.
January 6, 2021
P a g e | **2**

Indeed, "[c]ommission salesman [*sic*] have fluctuating hours and income, and it is unlikely that Congress meant to require employers to pay overtime in the lean weeks when the fat weeks more than make up. Other cases have used periods as long as a year to establish average wages." See Walton v. United Consumers Club, Inc., 786 F.2d 303, 307 (7th Cir.1986) (citing Triple "AAA" Co. v. Wirtz, 378 F.2d 884, 887 (10th Cir.1967)).

Here, the most reasonable and equitable method in determining the regular rate of pay for the Plaintiff, a car salesperson who was exclusively paid in commissions, is to average the commissions received by him on an annual basis and allocate that average to each week. Consequently, because Plaintiff fails to state sufficient facts about his actual commissions earned, Defendants respectfully submit that he fails to state a claim for all four (4) causes of action under the FLSA and NYLL for alleged unpaid minimum wages and overtime wages.

**This Court Should Decline to Exercise Supplemental Jurisdiction over the Remaining Claims**

Defendants respectfully submit that this Court should decline to exercise supplemental jurisdiction over the remaining claims in this case once the sole federal claims under the FLSA are dismissed. When a district court has original jurisdiction over claims in a case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III.'" See F5 Capital v. Pappas, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) ("Pendent jurisdiction ... exists whenever there is a claim 'arising under [federal law],' *and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'*" (quoting U.S. Const. art. III, § 2) (emphasis added))). Claims are considered "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)).

Here, the only federal claims raised arise under the FLSA. As such, only the NYLL claims for unpaid minimum wage and unpaid overtime may properly form the basis for having a relationship to the FLSA claims for the identical issues. However, those claims must be dismissed for the same reasons set forth *supra*. This resolves the first four (4) causes of action asserted in the complaint. Consequently, the remaining state law claims – recordkeeping violations under NYLL § 195, retaliatory termination claim under NYLL § 740, as well as discrimination and sexual harassment claim under the NYSHRL – have absolutely nothing to do with Plaintiff's wage-and-hour claims.

Accordingly, even if this Court were to deny Defendants' motion to dismiss Plaintiff's FLSA claims (which it should not do), this Court must nonetheless dismiss the remaining six (6) causes of action because they have absolutely no bearing on Plaintiff's federal wage-and-hour claims and can in no way be considered "part of the same case or controversy" nor "derive from a common nucleus of operative fact."

Hon. Joan M. Azrack, U.S.D.J.
January 6, 2021
P a g e | **3**

**Plaintiff's Sexual Harassment & Race Discrimination Claims Fail to State a Claim for Relief**

Even if this Court were to decide the remaining six (6) claims on the merits (which it should not), they must nonetheless be dismissed for failure to state a claim.

On his sexual harassment claim, Plaintiff fails to allege that the Defendants' conduct was unwelcome. See Nieves v. Dist. Council 37 AFSCME, No. 04-CIV.-8181 (RJS), 2009 U.S. Dist. LEXIS 112653, at *17-19 (S.D.N.Y. Nov. 24, 2009) (dismissing hostile work environment claim where, *inter alia*, plaintiff's supervisor participated in conduct complained of); see also Hernandez v. Kaisman, No. 104989/2007, 2011 N.Y. Misc. LEXIS 2120, at *25 (Sup. Ct. N.Y. Cty. Apr. 13, 2011) (same). Moreover, discovery would show Plaintiff responded to the alleged offensive conduct with "Haha," which indicates he welcomed it. See copy of *redacted* text message correspondence between Plaintiff and the individual Defendant annexed hereto as **Exhibit "A."**

Similarly, on his race discrimination claim, Plaintiff fails to allege any adverse employment action such that an inference can be made that it is related to his race. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Plaintiff merely alleges that Defendants asked him to market to Chinese clients due to his race. However, there is no adverse employment action that Plaintiff alleges he suffered from the alleged request.

For the foregoing reasons, Defendants request a pre-motion conference be scheduled. Defendants also respectfully reserve the right to move for dismissal on additional grounds concerning Plaintiff's claims.

Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
January 6, 2021

                          Respectfully submitted,

                          **MILMAN LABUDA LAW GROUP PLLC**

                          _____/s_____
                          Joseph M. Labuda, Esq.
                          Emanuel Kataev, Esq.
                          3000 Marcus Avenue, Suite 3W8
                          Lake Success, NY 11042-1073
                          (516) 328-8899 (office)
                          (516) 328-0082 (facsimile)
                          joe@mllaborlaw.com
                          emanuel@mllaborlaw.com

cc: Plaintiff (via ECF).