# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 12, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Steven I. Locke, U.S.M.J.
100 Federal Plaza, Courtroom 820
Central Islip, NY 11722-4438

   *Re:* **Kwon v. Gold Coast Sports Cars, LLC,** *et ano.*
      **Case No.: 2:20-cv-4811 (JMA) (SIL)**
      <u>**MLLG File No.: 127-2020**</u>

Dear Judge Locke:

  This firm represents the Defendants, who submit this letter motion in accordance with ¶ 2(B) of this Court's Individual Rules, to respectfully request a brief one (1) week extension of time of Defendants' pending motion for attorneys' fees and a stay of Plaintiff's subsequently filed state court action[1] (the "Motion") under Rule 41 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

  Pursuant to ¶ IV(A) of the Hon. Joan M. Azrack, U.S.D.J.'s Individual Rules, the Motion is non-dispositive and is therefore to be made to the assigned magistrate judge, i.e., this Court. In turn, pursuant to ¶ 4(A)(ii) of this Court's Individual Motion Practices, this non-dispositive motion was made on notice without a pre-motion conference. Based on the forgoing, Defendants noticed and served their moving papers upon Plaintiff on August 9, 2021. Ergo, pursuant to Local Civil Rule 6.1, Plaintiff's opposition papers were due on Monday, August 23, 2021 and Defendants' reply papers in further support were due on August 30, 2021.

  However, Plaintiff contested service of the moving papers served on August 9, 2021. Rather than engaging in the pointless practice of dithering over procedural points, the parties entered into a stipulation which, *inter alia*, extended Plaintiff's time to oppose Defendants' motion to Friday, September 3, 2021 at Plaintiff's request, which Defendants immediately consented to (thereby giving Plaintiff nearly a month to prepare opposition papers), and Defendants' time to submit a reply in further support to Monday, September 13, 2021.

  The instant request for an extension follows. For the reasons set forth below, pursuant to Rule 6, good cause exists to grant same.

___

[1] <u>See</u> Index No.: 705454/2021 (Queens County Supreme Court). A federal court may take judicial notice of the existence of state court documents. <u>See</u> <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991); <u>see also</u> <u>Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.</u>, 146 F.3d 66, 70 (2d Cir. 1998).

Hon. Steven I. Locke, U.S.M.J.
September 12, 2021
P a g e | **2**

     In support of the request, Defendants respectfully submit that: (i) the original deadline to submit reply papers falls on Monday, September 13, 2021; (ii) the reason an extension of time is necessary is due to your undersigned's deadlines in other matters, which have been complicated by the Jewish holidays and resultant family obligations; (iii) Plaintiff does not consent, on the grounds that he already consented to an extension of time (of only three (3) days, during the weekend, from September 10, 2021 through September 13, 2021) for Defendants to file their reply papers to accommodate your undersigned's workload;[2] (iv) there have been no prior extensions requested from this Court concerning the instant motion; and (v) Defendants respectfully submit that a proposed amended scheduling Order is unnecessary here where Plaintiff has voluntarily withdrawn her claims and Defendants solely seek relief based on same pursuant to Rule 41.

     In further support, Defendants respectfully submit that the issues raised in the Motion are both nuanced and novel, such that this Court would benefit from Defendants being given a complete opportunity to address Plaintiff's argument.  This is, of course, setting aside the fact that Defendants immediately stipulated to Plaintiff's requested extension of time of nearly a month as a matter of courtesy, while Plaintiff has only previously consented to a three (3) day extension.  As such, Plaintiff's conduct simply smacks of unfairness.

     Accordingly, good cause exists for a brief one (1) week extension of time for Defendants to submit reply papers in further support of the Motion.  See Fed. R. Civ. P. 6(b)(1)(A).

     Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
       September 12, 2021

                                  Respectfully submitted,

                                  **MILMAN LABUDA LAW GROUP PLLC**

                                  _____/s_____
                                  Joseph M. Labuda, Esq.
                                  Emanuel Kataev, Esq.
                                  3000 Marcus Avenue, Suite 3W8
                                  Lake Success, NY 11042-1073
                                  (516) 328-8899 (office)
                                  (516) 328-0082 (facsimile)
                                  joe@mllaborlaw.com
                                  emanuel@mllaborlaw.com

cc: Plaintiff (via ECF).

---

[2] This workload included, *inter alia*, motion practice in state court, the preparation of an answer in a federal case, and being required by Order to draft a letter concerning discovery issues in another federal case the same day the Order was issued (on September 10, 2021).  In addition, your undersigned was out of the office for the Jewish holidays and conducted a previously scheduled employee seminar for more than half the day upon returning to the office the following day.