**The Law Office Of Christina Giorgio, PLLC**

30 Wall Street, 8th Floor
New York, NY 10005
(347) 320 6670
cgiorgio@giorgiolegal.com

**VIA ECF**

September 13, 2021

Honorable Steven I. Locke
United States District Court Magistrate Judge
For the Eastern District of New York
Long Island Courthouse
Courtroom 820
100 Federal Plaza
Central Islip, NY 11722

  Re: *John Kwon v Gold Coast Sports Cars, LLC and Evan Christodoulou*
   Case No.: 20-CV-4811 (JMA)(SIL) (Close Closed)
   Opposition to Defendants' Request for an Extension of Time to File Their Reply Papers

Dear Judge Locke:

This office represents Plaintiff in the above referenced matter that Judge Joan M. Azrack closed on January 14, 2021. Pursuant to Your Honor's Individual Motion Practice Rules, Rule 4(A)(i), Plaintiff submits this response to Defendants' Letter Motion to request a "one week extension of time" to file Defendants' reply papers associated with Defendants' Federal Rules of Civil Procedure, Rule 41(d) motion. Pursuant to the parties' stipulation Defendants' reply papers are due today, September 13, 2021.

To briefly summarize the background, Plaintiff filed his federal complaint on October 7, 2020. On January 13, 2021, prior to Judge Azrack even scheduling, much less holding, a conference on Defendants' request for a pre-motion conference on their intention to file a Rule 12(b)(6) motion to dismiss the complaint, Plaintiff voluntarily dismissed his complaint without prejudice pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(A)(i). Judge Azrack entered the notice of dismissal and closed the case on January 14, 2021. After excising all federal claims from his complaint, Mr. Kwon filed a new complaint in New York Supreme Court County of Queens on March 3, 2021.

In the face of on-point case law holding that Rule 41(d) relief is unavailable under these exact facts, Defendants nonetheless intend to ask this Court to grant it to them. Plaintiff objects to Defendants' request for an extension of time to submit their reply papers.

First, the issue is not "nuanced" or "novel." To the contrary, on-point case law demonstrates that Defendants either utterly failed to educate themselves on Rule 41(d) or brought the underlying motion for improper reasons, or both. *Delvalle v. Cedric Kushner Promotions, LTD*, 2000 WL 1915808 *1 (S.D.N.Y. Jan. 9, 2000) (holding that Rule 41(d) relief is not available where the plaintiff refiles the action in state court).

Second, Defendants' request for an extension of time appears to be an attempt to use the pendency of this frivolous motion as a basis for adjourning the September 30, 2021 hearing

before New York Supreme Court Justice Anne-Marie Golia on Defendants' motion to change venue (from Queens to Long Island) in order to further delay the state court proceeding.

Third, Defendants' request fails to comply with the Court's rules governing adjournment and extensions of time. Under the Court's Individual Rule 2(B)(A)(i), Defendants were obligated to submit this request on or before September 9, 2021. The bases for the extension articulated in their letter motion were known to them prior to September 9, 2021, and prior to signing the briefing stipulation. Moreover, being busy with other work is fundamentally not "good cause."

Fourth, Plaintiff did not "request[] an extension of time of nearly a month" nor did Defendants agree to "an extension as a matter of courtesy." Rather, Defendants moving papers were not served until August 20, 2021, when Plaintiff agreed to accept service via email. With August 20, 2021 as the agreed upon service date, Plaintiff took his allotted 14 days to respond and served his opposition papers on September 3, 2021. At the time the parties memorialized their briefing schedule, Plaintiff consented to Defendants' request for three additional days to submit their reply papers. In electing to bring this motion, Defendants had a duty to educate themselves on the law governing the rule under which they brought their motion. If they had done so, ten days would be ample time to finalize a brief reply. With respect to professional courtesies, Plaintiff has extended them repeatedly to Defendants, including consenting to Defendants filing a corrected brief for this motion and their request for 10 days to prepare their reply papers rather than the 7 days allowed under the rule.

For the above reasons, Plaintiff respectfully requests that the Court deny the Defendants' request for an extension of time to file their reply papers.

Respectfully submitted,

**THE LAW OFFICE OF
CHRISTINA GIORGIO, PLLC**

/s/

Christina Giorgio


cc: All Counsel of Record Via ECF