UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN KWON

                              **Case No.:** 2:20-cv-4811 (JMA) (SIL)

                 Plaintiff,

    -against-

GOLD COAST SPORTS CARS, LLC, and
EVAN CHRISTODOULOU,

                 Defendants.
------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES ARISING OUT OF PLAINTIFF'S VOLUNTARY DISMISSAL OF THIS CASE WITHOUT PREJUDICE

**MILMAN LABUDA LAW GROUP PLLC**

Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...................................................................................................1

**FACTS** ..........................................................................................................................................1

**ARGUMENT** ................................................................................................................................2

**CONCLUSION** ............................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

Adams v. N.Y. State Educ. Dep't,
    630 F. Supp. 2d 333 (S.D.N.Y. 2009) .................................................................................. 3

Ames v. Clifford,
    No. 94-CIV.-6712, 1996 WL 563098 (S.D.N.Y. Oct. 2, 1996) ........................................... 4

Andrews v. America's Living Ctrs., LLC,
    827 F.3d 306 (4th Cir. 2016) ............................................................................................... 3

Carroll v. E One Inc,
    893 F.3d 139 (3d Cir. 2018) ................................................................................................ 5

Colombrito v. Kelly,
    764 F.2d 122 (2nd Cir. 1985) ...................................................................................... 2, 3, 4

Esposito v. Piatrowski,
    223 F.3d 497 (7th Cir. 2000) ............................................................................................... 3

Gap, Inc. v. Stone Intl Trading, Inc.,
    169 F.R.D. 584 (S.D.N.Y. 1997) .................................................................................... 2, 4

Gap, Inc. v. Stone Intl Trading, Inc.,
    125 F.3d 845 (2d Cir. 1997) ................................................................................................ 4

Horowitz v. 148 S. Emerson Assoc. LLC,
    888 F.3d 13 (2d Cir. 2018) .................................................................................................. 3

Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,
    146 F.3d 66 (2d Cir. 1998) ............................................................................................ 2 n. 1

Jewelers Vigilance Committee, Inc. v. Vitale, Inc.,
    No. 90-CIV.-1476, 1997 WL 582823 (S.D.N.Y. Sept. 19, 1997) ...................................... 2

John Evans Sons, Inc. v. Majik-Ironers, Inc.,
    95 F.R.D. 186 (E.D. Pa. 1982) ............................................................................................ 3

Kramer v. Time Warner Inc.,
    937 F.2d 767 (2d Cir. 1991) .......................................................................................... 2 n. 1

Mercer Tool Corp. v. Friedr. Dick GmbH,
    179 F.R.D. 391, 395 (E.D.N.Y. 1998) ........................................................................... 2, 4

Simeone v. First Bank Nat'l Ass'n,
    971 F.2d 103 (8th Cir. 1992) ............................................................................................. 3

Smoot v. Fox,
    353 F.2d 830 (6th Cir. 1965) ............................................................................................. 3

Smoot v. Fox,
    384 U.S. 909 (1966) ........................................................................................................... 3

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................................ 4

Fed. R. Civ. P. 41 ........................................................................................................ 1, 2, 3, 5, 6

**Other Sources**

5 J. Moore, Moore's Federal Practice, 41.06 (2d. ed. 1948 & Supp. 1984) .................................. 2

8 Moore's Fed. Prac. § 41.70[1] (3d ed. 2016) ............................................................................. 3

9 C. Wright & A. Miller, Federal Practice & Procedure §2366 (1971 & Supp. 1984) ................... 2

## **PRELIMINARY STATEMENT**

Plaintiff John Kwon (hereinafter "Plaintiff" or "Kwon"), together with his counsel, improperly filed this case in federal court, requiring Defendants to spend time and resources defending this lawsuit when it should have never been filed in the first place.

After Defendants filed their letter motion seeking a pre-motion conference in anticipation of their motion to dismiss, Plaintiff waved the white flag, conceded he had no business filing this complaint in the first instance, and voluntarily withdrew his claims without prejudice.

Plaintiff then, through another attorney, filed a lawsuit in state court.  The Second Circuit has held that the voluntary withdrawal of a case without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") entitles Defendants to an award of attorneys' fees, especially where the same claims are later pursued in a subsequent forum.  The facts of this case fall squarely within the ambit of a circumstance warranting the award of attorneys' fees.  As set forth further below, Defendants respectfully request the instant motion for fees, and a stay of the state court action pending payment of the fees, be granted in its entirety.

## **FACTS**

Plaintiff commenced this case on October 7, 2020, and Defendants appeared by counsel on January 5, 2021.  See Docket Entries 1, 10-11.  On January 6, 2021, Defendants filed a letter motion for a pre-motion conference in anticipation of their motion to dismiss under Rule 12(b)(6) on the grounds that Plaintiff's wage-and-hour claims failed due to an overtime exemption for car salespeople such as Plaintiff, and that his discrimination and retaliation claims under New York State law must be dismissed because they lack a sufficient factual nexus to the wage-and-hour claims he has asserted under federal law.  See Docket Entry 13.  In response, Plaintiff withdrew his complaint and filed a notice of voluntary dismissal.  See Docket Entries 14-15.

On March 9, 2021, less than two (2) months later, Plaintiff commenced an action in the Supreme Court of the State of New York, Queens County asserting causes of action based upon the same events complained of in the complaint filed in this case. See Index No.: 705454/2021 (Queens County Supreme Court) (hereinafter the "State Court Action").[1]

## ARGUMENT

Rule 41 allows the dismissal of a complaint "by court order, on terms that the court considers proper." See Fed. R. Civ. P. 41(a)(2). "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." See Gap, Inc. v. Stone Intl Trading, Inc., 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citations omitted).

The Second Circuit held that attorneys' fee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2). See Colombrito v. Kelly, 764 F.2d 122, 133 (2nd Cir. 1985); see also 5 J. Moore, Moore's Federal Practice, 41.06, at 41-74 (2d. ed. 1948 & Supp. 1984); 9 C. Wright & A. Miller, Federal Practice & Procedure §2366, at 177-80 (1971 & Supp. 1984). Where a court grants dismissal without prejudice under Rule 41(a)(2) to Plaintiff, Defendants are entitled to costs and attorneys' fees incurred to date in the defense of the case. See Mercer Tool Corp. v. Friedr. Dick GmbH, 179 F.R.D. 391, 395 (E.D.N.Y. 1998) (quoting Jewelers Vigilance Committee, Inc. v. Vitale, Inc., No. 90-CIV.-1476, 1997 WL 582823, *4 (S.D.N.Y. Sept. 19, 1997) ("Courts often grant fee awards when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)").

---

[1] Courts may take judicial notice of the existence of state court documents. See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991); see also Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998).

2

"The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." See Colombrito, 764 F.2d at 133; see also Smoot v. Fox, 353 F.2d 830, 833 (6th Cir. 1965), cert. denied, 384 U.S. 909 (1966); John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186, 191 (E.D. Pa. 1982). The central consideration contemplated in Colombrito is the "risk of relitigation of the issues." See 764 F.2d at 134.

Rule 41 also provides that if a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (i) may order the plaintiff to pay all or part of the costs of that previous action; and (ii) may stay the proceedings until the plaintiff has complied. See Fed. R. Civ. P. 41(d). The Second Circuit has held that Rule 41(d)'s purpose is clear and undisputed: "to serve as a deterrent to forum shopping and vexatious litigation." See Horowitz v. 148 S. Emerson Assoc. LLC, 888 F.3d 13, 23 (2d Cir. 2018) (citing Andrews v. America's Living Ctrs., LLC, 827 F.3d 306, 309 (4th Cir. 2016) (quoting Simeone v. First Bank Nat'l Ass'n, 971 F.2d 103, 108 (8th Cir. 1992) and citing Esposito v. Piatrowski, 223 F.3d 497, 501 (7th Cir. 2000)); Adams v. N.Y. State Educ. Dep't, 630 F. Supp. 2d 333, 343 (S.D.N.Y. 2009); 8 Moore's Fed. Prac. § 41.70[1] (3d ed. 2016)).

Crucially, the Second Circuit has held that district courts have the authority to award attorneys' fees as "costs" under Rule 41(d). See Horowitz, 888 F.3d at 23 ("We thus have no difficulty in concluding that Rule 41(d) evinces an unmistakable intent for a district court to be free, in its discretion, to award attorneys' fees as part of costs").

Here, the Plaintiff improperly filed this case in federal court, forcing Defendants to defend same, and is already pursuing subsequent litigation by virtue of the March 9, 2021 State Court Action. Plaintiff must be Ordered to pay attorneys' fees pursuant to Rule 41 first.

Indeed, Plaintiff should not have filed this case in federal court in the first place. See Gap, Inc. v. Stone Int'l Trading, Inc., 169 F.R.D. 584, 589 (S.D.N.Y.), aff'd1 125 F.3d 845 (2d Cir. 1997) (the Gap's offer of a covenant not to sue obviates the need to reimburse the defendants on this ground since there is no possibility of relitigation). Another purpose of the Colombrito rule is "generally to reimburse the defendant for the litigation costs incurred in view of the risk faced by the defendant that the same suit will be refiled and will result in the imposition of duplicative expenses." See The Gap Inc., 169 F.R.D. at 589. As set forth herein, Defendants spent time and resources litigating this case to have it voluntarily dismissed, only to be met with the State Court Action. Indeed, Plaintiff has already filed the State Court Action against the Defendants with his March 2021 lawsuit which will require Defendants to duplicate work and expenses. Thus, this weighs in favor of an award of fees and costs.

Further, fee awards generally reimburse the defendant for expenses incurred in preparing work product that will not be useful in a second contemplated action. See Mercer Tool Corp., 179 F.R.D. at 396; see also Ames v. Clifford, No. 94-CIV.-6712, 1996 WL 563098, *1 (S.D.N.Y. Oct. 2, 1996). Here, Defendants have incurred expense in defending this case and there will be attorney work product which would be no longer useful in subsequent litigation of the same claims given that given that the federal claims are no longer being pursued. Additionally, subsequent litigation will be in state court and the work done in the case at bar consisted heavily of federal procedural law: (1) legal research and drafting of a motion to dismiss pursuant to Rule 12; and (2) legal research and drafting of this motion. It should be noted that courts have not required a showing of vexatious conduct for an award of attorney's fees predicated on a voluntary dismissal without prejudice. See Mercer Tool Corp., 179 F.R.D. at 396 (awarding fees despite no finding of bad faith or vexatious conduct).

4

Nevertheless, the risks of relitigation and duplicative costs, as well as vexatious conduct by Plaintiff is undeniable as Plaintiff has acted in bad faith in litigating his claims. Defendants must be protected from Plaintiffs' vexatious pattern of transparent attempts to relitigate their claims in a more favorable forum. See, e.g., Carroll v. E One Inc, 893 F.3d 139, 152 (3d Cir. 2018) ("In cases like the one at hand, where counsel has made a habit of filing essentially identical claims in multiple jurisdictions, and has voluntarily dismissed those claims after their opposing party (and the judiciary) have incurred substantial costs, a district court may, in its discretion, give weight to such facts when considering terms of dismissal under Rule 41(a)(2). To hold otherwise would be to permit counsel to frivolously expose their adversaries to unnecessary litigation costs. We will not require district courts to wear blinders when exercising the broad discretion afforded them under Rule 41(a)(2)").

Upon filing the instant lawsuit in this case, Defendants placed Plaintiff on notice that his claims lack merit. Plaintiff then re-asserted his claims in the State Court Action after seeing the lack of merit in this case. See NYSCEF Docket Entry 12 of the State Court Action ("I decided to abandon the federal claims. 'Who needs them?' she and I agreed") (referring to Plaintiff's counsel in the State Court Action as himself and Plaintiff's counsel in this action as "she"). Indeed, this statement shows Plaintiff's cavalier attitude towards filing lawsuits. After it became clear that his likelihood of success in federal court is virtually null, Plaintiff sought to withdraw this federal case and has continued the litigation in the State Court Action.

Defendants have incurred unnecessary expense by way of attorneys' fees and costs in defending this litigation and ought to be reimbursed according to Second Circuit law. It further indicates Plaintiff's decision to engage in vexatious litigation and forum shopping. This is exactly

5

the type of conduct which calls for an award of attorneys' fees and costs under Rule 41.

Due to the certain risk of relitigation and duplicative expense, this honorable Court should properly award Defendants costs and attorneys' fees. Accordingly, Defendants should be awarded reasonable attorneys' fees and costs in defending this case unnecessarily, and issue an Order staying the State Court Action until such time as Plaintiff complies and pays the attorneys' fee award.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that should this Court issue an Order, pursuant to Rule 41, awarding attorneys' fees and costs to Defendants based on binding Second Circuit precedent, as well as a stay of the State Court Action until such time as Plaintiff complies with the aforesaid Order to pay attorneys' fees and costs.

Dated:  Lake Success, New York
       August 9, 2021

**MILMAN LABUDA LAW GROUP PLLC**

By:  /s   Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

6