UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN KWON

                              **Case No.:** 2:20-cv-4811 (JMA) (SIL)

                   Plaintiff,

    -against-

GOLD COAST SPORTS CARS, LLC, and
EVAN CHRISTODOULOU,

                   Defendants.
-----------------------------------------------------------------X

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES ARISING OUT OF PLAINTIFF'S VOLUNTARY DISMISSAL OF THIS CASE WITHOUT PREJUDICE

**MILMAN LABUDA LAW GROUP PLLC**

Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................1

**ARGUMENT** ................................................................................................................................3

**I. RULE 41(D) APPLIES TO ANY VOLUNTARY DISMISSAL** ......................................3

**II. THE COURT OF FIRST INSTANCE MAY GRANT RELIEF UNDER RULE 41(D)** ..................................................................................................................4

**III. NO BAD FAITH IS REQUIRED TO ESTABLISH ENTITLEMENT TO RELIEF UNDER RULE 41(D)** ...........................................................................................5

**IV. WASTED WORK ABOUNDS TO FORM A BASIS FOR DEFENDANTS' REQUESTED RELIEF** ....................................................................................................7

**V. THE COURT HAS INHERENT POWER TO STAY THE STATE COURT ACTION UNDER RULE 41(D)** .....................................................................................9

**CONCLUSION** ..........................................................................................................................11

**TABLE OF AUTHORITIES**

**Cases**

Blauinsel Stiftung v. Sumitomo Corp.,
    No. 99-CIV.-1108 (BSJ), 2001 WL 1602118 (S.D.N.Y. Dec. 14, 2001) ............... 4, 4 n. 7

Campos v BKUK 3 Corp.,
    No. 18-CIV.-4036 (KHP), 2021 WL 3540243 (S.D.N.Y. Aug. 10, 2021) ........................ 8

Campos v BKUK 3 Corp.,
    No. 18-CIV.-4036 (JGK), 2021 WL 3863198 (S.D.N.Y. Aug. 30, 2021) ........................ 8

Cooter & Gell v. Hartmarx Corp.,
    496 U.S. 384 (1990) ...................................................................................... 3, 3 n. 5, 9, 11

Delvalle v. Cedric Kushner Promotions, Ltd.,
    No. 00-CIV.-5688 (JSR), 2000 WL 1915808 (S.D.N.Y. Jan. 9, 2000) ................... 4, 4 n. 6

Esquivel v. Arau,
    913 F. Supp. 1382 (C.D. Cal. 1996) ........................................................................ 4, 6 n. 9

GAF Corp. v. Transamerica Ins. Co.,
    665 F.2d 364 (D.C. Cir. 1981) ............................................................................................ 5

Galva Union El. Co. v. Chicago and N.W. Transp. Co.,
    498 F. Supp. 26 (N.D. Iowa 1980) ..................................................................................... 5

Garza v. Citigroup Inc.,
    311 F.R.D. 111 (D. Del. 2015) .................................................................................... 6 n. 9

Garza v. Citigroup Inc.,
    881 F.3d 277 (3d Cir. 2018) ........................................................................................ 6 n. 9

Germain v. Semco Serv. Mach. Co., Inc.,
    79 F.R.D. 85 (E.D.N.Y. 1978) ........................................................................................... 5

Han v. Shang Noodle House, Inc.,
    No. 20-CIV.-2266 (PKC) (VMS), 2021 WL 3774186 (E.D.N.Y. Aug. 24, 2021) ............ 8

Kaplan v. S.A.C. Capital Advisors, L.P.,
    No. 12-CIV.-9350 (NRB), 2017 WL 6403087 (S.D.N.Y. Nov. 16, 2017) ................ 10, 11

Kaplan v Reed Smith LLP,
    919 F.3d 154 (2d Cir. 2019) ............................................................................................. 10

Rogers v. Wal–Mart Stores, Inc.,
230 F.3d 868 (6th Cir.2000) ........ 6 n. 9

Salgado v. United States,
140 S. Ct. 2640 (2020) ........ 5

Santiago v. Victim Servs. Agency of Metropolitan Assistance Corp.,
753 F.2d 219 (2d Cir. 1985) ........ 3, 3 n. 3

Siepel v. Bank of Am., N.A.,
239 F.R.D. 558 (E.D. Mo. 2006) ........ 6 n. 9

Siepel v. Bank of Am., N.A.,
526 F.3d 1122 (8th Cir. 2008) ........ 6 n. 9

Silva v. Legend Upper West LLC,
No. 16-CIV.-3552 (PGG), 2021 WL 4197360 (S.D.N.Y. Sept. 14, 2021) ........ 7

United States v. $70,670.00 in U.S. Currency,
929 F.3d 1293 (11th Cir. 2019) ........ 5

Valley Disposal, Inc. v. Central Vermont Solid Waste Management Dist.,
71 F.3d 1053 (2d Cir. 1995) ........ 3, 3 n. 4

Young v. Dole,
No. 90-CIV.-2667 (TCP), 1991 WL 158977 (E.D.N.Y. 1991) ........ 4, 6 n. 8

**Rules**

Fed. R. Civ. P. 11 ........ 1, 2 n. 1

Fed. R. Civ. P. 41 ........ *passim*

**Statutes**

28 U.S.C. § 1651 ........ 10

28 U.S.C. § 2071, *et seq.* ........ 9, 10

28 U.S.C. § 2283 ........ 10

**PRELIMINARY STATEMENT**

Rule 11 provides that an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the claims and other legal contentions in a pleading are warranted by existing law. Notwithstanding this requirement, the Plaintiff John Kwon (hereinafter "Plaintiff" or "Kwon"), together with his counsel, improperly filed this case in federal court, where it had no business being filed since federal law exempts car salespersons from the federal Fair Labor Standard Act's ("FLSA") overtime requirements, and permits commissioned salespersons such as Kwon to average their commissions over an annual or monthly basis to determine the hourly rate at which they are paid, which in this case vitiates Kwon's minimum wage claims. Therefore, Plaintiff and his counsel failed to make a reasonable inquiry into the dictates of the FLSA as it relates to commissioned automobile salespersons.

What's worse, Plaintiff also brought a whole host of completely unrelated state law discrimination and retaliation claims which had no common nucleus of operative facts with his FLSA claims such that this Court could not properly exercise supplemental jurisdiction over them as a matter of law. Indeed, Plaintiff never pled any federal discrimination claims.

Defendants were required to unnecessarily spend time and resources researching and explaining to this Court that this case should have never been filed in the first place on the aforesaid grounds. Plaintiff voluntarily withdrew this case solely as a result of Defendants' letter motion for a pre-motion conference in anticipation of their motion to dismiss, and Rule 41 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") permits – and for the reasons set forth below, this Court should – award Defendants attorneys' fees for being forced to defend this case and stay his subsequently filed state court action until he pays Defendants same.

In opposition to Defendants' motion, Plaintiff throws every conceivable argument, including the kitchen sink,[1] in arguing that: (i) a Rule 41(a)(1)(A)(i) notice of dismissal is somehow exempted from Rule 41(d)'s provision[2] allowing courts to order the plaintiff to pay all or part of the costs of the action; (ii) only the subsequent court could grant relief under Rule 41; (iii) Plaintiff did not forum shop, was not a vexatious litigant, and did not otherwise act in bad faith; and (iv) this Court is powerless to stay the subsequently filed state court action.

All of these arguments are meritless. District courts nationwide have awarded fees under Rule 41(d) where dismissal was made voluntarily on notice pursuant to Rule 41(a)(1)(A)(i). Further, Rule 41(d) relief is routinely granted by a court of first instance and only a minority of courts have held, unpersuasively, that only the subsequent court may grant such relief. Indeed, where as here, Plaintiff submitted to the jurisdiction of this Court by filing the complaint, this Court retains jurisdiction to award Defendants' attorneys' fees pursuant to Rule 41(d) and pursuant to its inherent powers. In addition, the relief requested may be granted without a showing of bad faith, as no such finding is required. Rule 41(d) merely requires that a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant for the court to consider whether it is appropriate to award attorneys' fees and costs. Finally, Rule 41(d)'s clear text expressly authorizing the power to stay.

---

[1] Plaintiff's counsel also inappropriately goes into great detail about the underlying facts of this case (which are no longer relevant as they have been withdrawn and filed in another forum), and further discusses his attempts to resolve this case prior to filing this case, as if it excuses her failure to conduct a reasonable inquiry to determine the legal contentions are warranty by existing law as required under Rule 11.

[2] Plaintiff argues that a district court may only award attorneys' fees in dismissals pursuant to Rule 41(a)(2). Despite the fact that Rule 41 is not limited in this manner by its very text, a plethora of persuasive authority is provided *infra* to show this argument is demonstrably meritless.

2

Accordingly, Defendants are entitled to an award of attorneys' fees and costs in defending this federal case and a stay pending Plaintiff's payment of same to Defendants.

## ARGUMENT

### I.  Rule 41(d) Applies to Any Voluntary Dismissal

In arguing that he should not be ordered to pay attorneys' fees (despite improperly filing this case in federal court), Plaintiff submits he filed a notice of dismissal, pursuant to his alleged unfettered power under Rule 41(a)(1)(A)(i), prior to the filing of an answer or motion for summary judgment. He argues that where a plaintiff exercises this power, Rule 41(d) relief is unavailable, and that such relief is only available under Rule 41(a)(2) dismissals by court order relying on Santiago v. Victim Servs. Agency of Metropolitan Assistance Corp.[3]  However, Santiago is bad law. Indeed, in Valley Disposal, Inc. v. Central Vermont Solid Waste Management Dist.,[4] the Second Circuit recognized that Santiago was *overruled* by the United States Supreme Court's decision in Cooter & Gell v. Hartmarx Corp.,[5] which held – *inter alia* – that a federal court may consider collateral issues after an action is no longer pending, that motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree and that, thus, even years after the entry of a judgment on the merits, a federal court could consider a request for attorneys' fees. Plaintiff's purported fortress to defend an award of fees is therefore just a house of cards.

Moreover, Rule 41(d) does not exempt a plaintiff who files a notice of voluntary dismissal from the prospect of subsequently paying attorneys' fees in any event.

---

[3] See 753 F.2d 219 (2d Cir. 1985).

[4] See 71 F.3d 1053 (2d Cir. 1995) ("Santiago is no longer good law").

[5] See 496 U.S. 384 (1990) (citations and quotations omitted).

3

In fact, courts have awarded relief under Rule 41(d) precisely in these circumstances. See Esquivel v. Arau, 913 F. Supp. 1382 (C.D. Cal. 1996) (awarding attorneys' fees and costs pursuant to Rule 41(d) where plaintiff in prior action filed notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i)) (citing Young v. Dole, No. 90-CIV.-2667 (TCP), 1991 WL 158977 (E.D.N.Y. 1991)). As such, the fact that Plaintiff noticed a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) does not remove this Court's jurisdiction to hear the instant motion.

## II.   The Court of First Instance May Grant Relief Under Rule 41(d)

Plaintiff also argues that only the *subsequent* court (in which a new action is filed) has the power under Rule 41(d) to award costs of the dismissed case, and that the court of first instance (i.e., this Court) may not do so. In support of this argument, he relies heavily on Delvalle v. Cedric Kushner Promotions, Ltd.,[6] in which a single district court held that – pursuant to its reading of the Rule – only the court before which the new action is filed is given power under the rule to award the costs of the dismissed action. However, this non-binding decision is of little persuasive authority because it is in the minority.

Plaintiff also relies on Blauinsel Stiftung v. Sumitomo Corp.,[7] in which the court there merely stated that – had Plaintiff refiled its complaint in federal court rather than in state court – Defendants immediately would have been eligible for costs and fees, implying by inference that the same relief is not available if the subsequent action is filed in state court. However, neither of these cases are binding nor persuasive, and Blauinsel Stiftung constitutes mere *dicta*.

---

[6] See No. 00-CIV.-5688 (JSR), 2000 WL 1915808 (S.D.N.Y. Jan. 9, 2000).

[7] See No. 99-CIV.-1108 (BSJ), 2001 WL 1602118, at *9 (S.D.N.Y. Dec. 14, 2001).

4

Giving credence to this argument also requires a finding that a defendant seeking Rule 41(d) relief must pursue same in state court, or that such relief is not available if a plaintiff refiles in state court, which is nonsensical.  Crucially, courts of first instance routinely consider and grant Rule 41(d) motions, regardless of whether the subsequent action is filed in state court. See, e.g., Germain v. Semco Serv. Mach. Co., Inc., 79 F.R.D. 85 (E.D.N.Y. 1978) (court of first instance grants motion for voluntary dismissal and awards fees to defendants where plaintiff seeks to recommence case in New Jersey); Galva Union El. Co. v. Chicago and N.W. Transp. Co., 498 F. Supp. 26 (N.D. Iowa 1980) (granting fees under Rule 41(d) where plaintiff sought to refile in state court); GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 366 (D.C. Cir. 1981) (voluntary dismissal granted by trial court without Rule 41(d) award, appeals court remanded to expressly permit defendants to seek relief under in court of first instance); see also United States v. $70,670.00 in U.S. Currency, 929 F.3d 1293 (11th Cir. 2019), cert. denied *sub nom.* Salgado v. United States, 140 S. Ct. 2640 (2020) (where court of first instance considered and denied Rule 41(d) motion on other grounds not relevant to this case as plaintiff was the United States of America).  As such, this argument provides Plaintiff no shelter from an award under Rule 41(d).

**III.     No Bad Faith is Required to Establish Entitlement to Relief Under Rule 41(d).**

Plaintiff further argues that this Court should deny the instant motion since Plaintiff did not: (i) refile the same case previously dismissed; and (ii) forum shop or engage in vexatious litigation.  However, as set forth below, Plaintiff's claims in this case are substantially similar to those brought in the state court action and no finding of any bad faith – i.e., forum shopping or vexatious litigation – is required to grant relief under Rule 41(d).

Contrary to Plaintiff's assertion, there is no requirement that a plaintiff file the *same exact* claims in the second forum to avail Defendants of Rule 41(d) relief.

5

Indeed, costs may be imposed under Rule 41(d) where the plaintiff has brought a second identical, *or nearly identical*, claim and has requested identical, *or nearly identical*, relief.[8] Here, the claims are nearly identical. Both complaints seek relief for alleged wage-and-hour violations as well as the same exact state law discrimination and retaliation. Similarly, both complaints seek unpaid wages and commissions, attorneys' fees, costs, interest, and related relief for Plaintiff's state law discrimination claims.

Additionally, no finding of bad faith – i.e., forum shopping or vexatious litigation – is required to impose costs under Rule 41(d).[9] Although not required, Plaintiff's bad faith is palpable. Besides having no basis to pursue an FLSA claim based on the overtime exemption and the elimination of any minimum wage claim due to averaging his commissions on an annual or monthly basis to determine his regular rate of pay, Plaintiff also sought to litigate his discrimination claims in federal court and wrongfully boot-strapped his FLSA claims to his discrimination claims. Plaintiff then dropped his federal claims like a hot potato when called out on this and scurried away to state court. This, by itself, evidences an attempt to forum shop. Indeed, in a contrived but palpably half-hearted effort, Plaintiff engages in hyperbolic arguments concerning the merits of his claims and couches his apparent forum shopping as an exercise of his rights. The fact is that Plaintiff's complaint should have never been filed in federal court in the first place.

---

[8] See Young, 1991 WL 158977, *supra* (emphasis added).

[9] See, e.g., Esquivel, 913 F. Supp. at 1388, 1391 (holding that there is no requirement of a showing of subjective "bad faith" either in the language of Rule 41(d) or in the relevant case law); Garza v. Citigroup Inc., 311 F.R.D. 111, 115 (D. Del. 2015), aff'd, 881 F.3d 277 (3d Cir. 2018) ("nothing in the language of Rule 41(d) ... suggests that a defendant must show 'bad faith' before a district court can order payment of costs incurred in a voluntarily dismissed previous action"); Siepel v. Bank of Am., N.A., 239 F.R.D. 558, 563 (E.D. Mo. 2006), aff'd, 526 F.3d 1122 (8th Cir. 2008), (citing Rogers v. Wal–Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir.2000)).

6

Rule 41(d) permits this Court to grant attorneys' fees and costs to Defendants by virtue of Plaintiff's concession that this case did not belong in federal court. Plaintiff's now filed complaint in New York State court (on the heels of Defendants' letter motion for a pre-motion conference in anticipation of its motion to dismiss), in fact, shows that Plaintiff recognized his complaint never belonged in federal court.

In that regard, Plaintiff's argument that he had "good cause" for voluntarily dismissing the federal case supports Defendants' motion for attorneys' fees. His federal wage-and-hour claims had no merit, and he had no other basis to file a complaint in federal court since he had no right-to-sue notice for his Title VII claims.

### IV. Wasted Work Abounds to Form a Basis for Defendants' Requested Relief.

In addition, Plaintiff argues that Defendants cannot show any wasted work now that Plaintiff has abandoned his federal wage-and-hour claims. This argument has no merit, as Defendants should not have had to deal with defending the federal case in the first place.

Defendants would never have had to research, draft, or argue that supplemental jurisdiction does not exist for his state law claims filed in federal court had he properly filed his complaint in state court. Moreover, the nuances of federal wage-and-hour law require an analysis that is sufficiently distinct from New York Labor Law ("NYLL") claims.

Indeed, the NYLL does not require – for example – that a plaintiff show either a nexus with interstate commerce or that the employer has any minimum amount of sales. See Silva v. Legend Upper West LLC, No. 16-CIV.-3552 (PGG), 2021 WL 4197360, at *6 (S.D.N.Y. Sept. 14, 2021). The NYLL also obliges employers to pay a minimum wage, but the rate of that minimum wage differs from the FLSA minimum wage. Id.

Further, the statute of limitations for an NYLL claim is six (6) years, while it is only two (2) or three (3) years under the FLSA based on willfulness. See Campos v BKUK 3 Corp., No. 18-CIV.-4036 (KHP), 2021 WL 3540243, at *6 (S.D.N.Y. Aug. 10, 2021), report and recommendation adopted, 18-CIV.-4036 (JGK), 2021 WL 3863198 (S.D.N.Y. Aug. 30, 2021).

Moreover, a plaintiff's regular rate of pay under NYLL is calculated differently than under the FLSA. See Han v. Shang Noodle House, Inc., No. 20-CIV.-2266 (PKC) (VMS), 2021 WL 3774186, at *8 (E.D.N.Y. Aug. 24, 2021).

These demonstrable differences destroy the notion that Defendants have not wasted any work as the nuances between the FLSA and NYLL present myriad reasons why Defendants' work in defending the FLSA claims in the federal case is no longer going to be used in defending the state court action. Indeed, Defendants' analysis of interstate commerce and the annual gross revenue requirements is no longer an issue. In addition, Defendants' analysis of the minimum wage rate to determine whether a NYLL claim exists for a commissioned salesperson differs substantially as compared to the FLSA's much lower minimum wage rate. Further, the calculation of Plaintiff's regular rate of pay similarly differs. Now that the FLSA claims are no longer present, Defendants have wasted time and effort in defending this case such that relief under Rule 41(d) is required. This is, of course, setting aside the fact that Plaintiff should not have filed the instant case in this court in the first place. Moreover, Defendants spent substantial time defending against the viability of Plaintiff's state law claims brought in federal court when there was no basis for this Court to exercise supplemental jurisdiction over them.

All of the foregoing reasons support Defendants' entitlement to relief under Rule 41(d) for their wasted work in defending this case in federal court, where Plaintiff should never have filed it. As such, Defendants' motion should be granted.

## V. The Court has Inherent Power to Stay the State Court Action under Rule 41(d).

This Court should stay Plaintiff's state court action pending Plaintiff's compliance with any Order to pay costs as requested in the instant motion. Rule 41 expressly authorizes a district court to stay a subsequently filed action. See Fed. R. Civ. P. 41(d) ("If a plaintiff who previously dismissed an action in *any court* files an action based on or including the same claim against the same defendant, the court … may stay the proceedings until the plaintiff has [paid costs awarded pursuant to this Rule]") (emphasis added).

Here, a plain reading of the text makes reference to the previous dismissal of an action in any court and expressly permits a court to stay the proceedings of the subsequently filed action until a plaintiff complies with an Order to pay attorneys' fees under Rule 41(d). As such, Plaintiff's argument that this Court lacks power to stay the state court action is meritless.[10]

Ignoring the plain language of Rule 41, Plaintiff instead pivots to argue that federal courts generally may not grant an injunction to stay proceedings in a state court pursuant to the Anti-Injunction Act. This argument is meritless as it contradicts the clear power given to courts under Rule 41. Moreover, in filing this case in federal court, Plaintiff submitted to this Court's jurisdiction. See Cooter & Gell, 496 U.S. 384 (1990). Even if it did somehow apply (which it does not), there are exceptions to the general rule prohibiting a stay which apply.[11]

Indeed, as to the first exception, the Federal Rules of Civil Procedure constitute an act of Congress pursuant to the Rules Enabling Act, 28 U.S.C. §§ 2071-77.

---

[10] To the extent that this Court finds that it lacks the power to enter an Order staying the subsequently filed state court action on the grounds that a magistrate judge does not have authority to stay, Defendants respectfully request an Order of reference to this Court by the Hon. Joan M. Azrack, U.S.D.J. for a report and recommendation on this issue.

[11] Namely, a federal court is permitted to do stay a state court action as expressly authorized by act of congress or where necessary in aid of its jurisdiction. Both exceptions apply.

As to the second, courts have held that an exception to the Anti-Injunction Act applies as necessary in aid of its jurisdiction where courts retain jurisdiction over attorneys' fees in settlement agreements.

Here, where the court retains jurisdiction pursuant to Rule 41, it is beyond cavil that the exception applies. Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." See 28 U.S.C. § 1651(a). Despite the All Writs Act's breadth, a federal court's power to enjoin state court proceedings is limited by the Anti-Injunction Act, which directs that a federal court "may not grant an injunction to stay proceedings in a State court *except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction*, or to protect or effectuate its judgments." See Kaplan v. S.A.C. Capital Advisors, L.P., 12-CIV.-9350 (NRB), 2017 WL 6403087, at *7 (S.D.N.Y. Nov. 16, 2017), aff'd sub nom. Kaplan v Reed Smith LLP, 919 F.3d 154 (2d Cir. 2019) (emphasis added) (citing 28 U.S.C. § 2283).

The Federal Rules of Civil Procedure constitute an act of Congress. See 28 U.S.C. §§ 2071-77 (granting the Supreme Court primary authority for creating and amending federal procedural rules, but also imposing congressional oversight of the rulemaking process). Indeed, the Rules Enabling Act requires the Supreme Court to transmit any proposed amendment to the rules to Congress no later than May 1 of the year in which such amendment is slated to take effect. Amendments take effect automatically unless Congress enacts legislation to reject, modify, or delay a proposed change.

Accordingly, Rule 41(d) constitutes an act of Congress such that an exception to the Anti-Injunction Act applies.

10

Separately, an exception to the Anti-Injunction Act lies as it is necessary in aid of this court's jurisdiction pursuant to Rule 41 to decide the issue of attorneys' fees. See Kaplan, 2017 WL 6403087, at *8 (finding exception applied where parties to agreement imbued court with continuing jurisdiction over any applications for attorneys' fees in staying related state court action).

Indeed, the Supreme Court of the United States has held that a federal court continues to enjoy such jurisdiction absent any such agreement. See Cooter & Gell, 496 U.S. 384 (1990) (holding that, *even years after the entry of a judgment on the merits*, a federal court could consider an award of counsel fees) (emphasis added).

Accordingly, Defendants should be awarded reasonable attorneys' fees and costs in defending this case unnecessarily.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that should this Court issue an Order, pursuant to Rule 41(d), awarding costs and attorney's fees to Defendants, issuing an Order for Defendants to submit an application for fees, and an appropriate stay until such fees are paid.

Dated: Lake Success, New York
       September 20, 2021

**MILMAN LABUDA LAW GROUP PLLC**

By: /s   Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

11