UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN KWON,

                              Plaintiff,

                             -against-

GOLD COAST SPORTS CARS, LLC and
EVAN CHRISTODOULOU,

                              Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

20-CV-4811 (JMA) (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Complaint dated October 7, 2020, Plaintiff John Kwon ("Plaintiff" or "Kwon") commenced this action against Defendants Gold Coast Sports Cars, LLC ("Gold Coast Sports Cars") and Evan Christodoulou ("Christodoulou" and together "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL") §§ 190 *et seq.*, and New York State Executive Law ("NYSHRL") §§ 296 *et seq*. *See generally* Complaint ("Compl."), Docket Entry ("DE") [3]. Presently before the Court is Defendants' motion for attorneys' fees and costs arising from Plaintiff's voluntary dismissal of this case without prejudice and, if granted, to stay Kwon's subsequently filed state court action until payment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(d). *See* Motion for Attorneys' Fees Pursuant to Fed. R. Civ. P. 41(d) ("Defs.' Mot."), DE [19]; Defendants' Memorandum in Support of Their Motion for Attorneys' Fees, ("Defs.' Mem."), DE [20]. For the reasons set forth below, the Court denies Defendants' motion.

**I.**     **BACKGROUND**

1

### A. Relevant Facts

The following facts are taken from the Complaint and the parties' submissions, and are undisputed unless otherwise noted.

Kwon, a Korean American male, is a resident of Queens County, New York and was employed as a sales representative at Defendants' Porsche dealership from February 5, 2019 until May 19, 2020. Compl. ¶¶ 14-16. Gold Coast Sports Cars is a New York limited liability company that operates the car dealership in Jericho, New York and was Plaintiff's employer. *Id.* ¶¶ 5-6. Chistodoulou is an owner and principal member of Gold Coast Sports Cars and manages the day-to-day operations at the Porsche dealership including setting pay, supervising, scheduling, hiring and firing of employees there. *Id.* ¶¶ 9-13.

Plaintiff alleges that during his employment, Defendants scheduled Kwon to work between 47 and 52 hours per week and, for various time periods, failed to pay him federal- and state-required minimum wage and overtime. *Id.* ¶¶ 16-32. He further claims that between March 12 and 18, 2020, Christodoulou sent Kwon three pornographic videos via text. *Id.* ¶¶ 35-43. Plaintiff also alleges that Christodoulou racially stereotyped him by frequently asking him about Chinese clients and how to expand sales into the Chinese community, despite Kwon being of Korean descent. *Id.* ¶¶ 44-53. Then around May 15, 2020, according to Plaintiff, he met with Christodoulou to express his concerns that the dealership was violating Covid-19 Executive Orders and subsequent state guidelines for operating auto showrooms, and in retaliation, Christodoulou terminated Kwon prior to his next shift. *Id.* ¶¶ 54-71.

### B. Procedural History

On September 22, 2020, Kwon filed a charge of race, sex and national origin discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Attorneys' Fees ("Pl. Opp."), DE [22], Exhibit ("Ex.") E, Declaration of Christina Giorgio ("Giorgio Decl.") ¶ 26. Plaintiff then commenced this action on October 7, 2020 seeking to recover damages for Defendants' alleged violations of the FLSA §§ 201 *et seq.*, NYLL §§ 195, 198, 650, and 740, and NYSHRL §§ 296 *et seq.*, and also alleging Kwon's intention to amend the complaint to add a federal discrimination cause of action upon receipt of his Right to Sue letter from the EEOC. *See* Compl.[1] On January 6, 2021, Defendants filed a letter motion for a pre-motion conference in anticipation of their motion to dismiss under Fed. R. Civ. P. 12(b)(6) arguing that Kwon's wage-and-hour claims failed due to an overtime exemption for car salespeople, and his state-law discrimination and retaliation claims lacked a sufficient factual nexus to the federal wage-and-hour claims. *See* DE [13]; Defs.' Mem. at 1. In response, on January 13, 2021, Plaintiff filed a notice of voluntary dismissal and withdrew his complaint pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See* DEs [14], [15]. As a result, the Honorable Judge Joan M. Azrack terminated the case on January 14, 2021. *See* DE [16].

Kwon retained new counsel, and on March 9, 2021, he filed a state court action in Queens County Supreme Court against Defendants alleging violations of New York

---

[1] The EEOC issued its Right to Sue Letter on May 3, 2021, after this case was dismissed. Giorgio Decl. ¶ 48.

3

wage and hour laws, unlawful termination under the NYLL, and sexual harassment and race discrimination in violation of the NYSHRL based on the same events described above. Defs.' Mem. at 2; Pl. Opp. at 6. According to Kwon, he elected not to pursue his federal claims and they were not included in the state court complaint. Pl. Opp. at 6; *see generally* Pl. Opp. Ex. D.

On September 20, 2021, Defendants filed the instant motion for attorneys' fees and costs pursuant to Rule 41(d) and, if granted, to stay the state court action until payment. *See* Defs.' Mem at 1. Plaintiff opposed. *See* Pl. Opp. For the reasons set forth below, the Court denies Defendants' motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

This rule applies to matters where a plaintiff "voluntarily dismisses a lawsuit and then files a second suit against the same defendant predicated on the same facts," so that the defendant may be entitled to recover costs and attorneys' fees from defending the first suit and stay the second suit until payment. *Ramirez v. iBasis, Inc.*, 08-CV-5125 KAM JMA, 2010 WL 1223589, at *3 (E.D.N.Y. Mar. 24, 2010). The purpose of Rule 41(d) is "to prevent forum-shopping within the federal court system . . . [and] serves the broader purpose of penalizing a plaintiff for re-filing the very suit

4

he has previously dismissed . . . ." *New Phone Co., Inc. v. New York City Dep't of Info. Tech. & Telecomms.*, 06CV3529(JG)(KAM), 2007 WL 2908110, at *16 (E.D.N.Y. Oct. 5, 2007), *report and recommendation adopted*, 03CV0192JGKAM, 2008 WL 11411325 (E.D.N.Y. Jan. 28, 2008) (alterations in original) (internal quotation omitted); *Blauinsel Stiftung v. Sumitomo Corp.*, 99 CIV 1108 (BSJ), 2001 WL 1602118, at *9 (S.D.N.Y. Dec. 14, 2001) ("The intended purpose of Rule 41(d) [is] . . . to deter 'forum shopping and vexatious litigation . . . .'") (quoting *Simeone v. First Bank N.A.*, 971 F.2d 103, 108 (8th Cir. 1992)). Although Rule 41(d) does not explicitly provide for attorneys' fees, district courts in the Second Circuit have discretion to award them. *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 25 (2d Cir. 2018) ("We thus have no difficulty in concluding that Rule 41(d) evinces an unmistakable intent for a district court to be free, in its discretion, to award attorneys' fees as part of costs."); *New Phone Co., Inc.*, 2007 WL 2908110, at *17 (collecting cases). "Payment of attorneys' fees is generally awarded as compensation for work done in the first action that cannot be used in a second existing or contemplated action." *BH Seven, LLC v. Ambit Energy*, L.P., 11-CV-2483 ARR RER, 2012 WL 4445825, at *2 (E.D.N.Y. Sept. 25, 2012) (citation and quotation omitted).

An award under Rule 41(d) is within the district court's discretion. *Horowitz*, 888 F.3d at 23-25; *Ramirez*, 2010 WL 1223589, at *3. When determining whether to award fees and costs, the court may consider the plaintiff's motives in dismissing the prior case. *Neurological Surgery, P.C. v. Aetna Health Inc.*, CV194817DRHARL, 2022 WL 526409, at *4 (E.D.N.Y. Feb. 1, 2022), *report and recommendation adopted*,

5

219CV4817DRHARL, 2022 WL 523599 (E.D.N.Y. Feb. 22, 2022) (citation omitted). "[E]ven though a defendant need not show that a plaintiff acted in bad faith in order to recover, a 'district court may refuse to impose [Rule 41(d) costs] on the plaintiff if it appears that there was a good reason for the dismissal of the prior action.'" *Id.* (quoting *Adams v. New York State Educ. Dept.*, 630 F. Supp. 2d 333, 344 (S.D.N.Y. 2009) (alterations in original)).

## III. DISCUSSION

Defendants argue that Rule 41(d) attorneys' fees and costs are warranted because the case should not have initially been filed in federal court creating unnecessary expense, and that certain research and work product related to the federal claims will not be useful in the state court action. *See* Defs.' Mem. at 3-5. Kwon counters that he had good cause to voluntarily dismiss his federal court complaint, that Defendants fail to show that he was engaging in forum shopping or vexatious litigation, and that they fail to demonstrate wasted work concerning the federal claims because Defendants "got what they wanted" when Plaintiff omitted them from the subsequently filed state court complaint. Pl. Opp. at 9-15.[2]

---

[2] Kwon further argues that the Anti-Injunction Act prohibits federal courts from staying state court proceedings in this context. *See* 28 U.S.C.§ 2283; Pl. Opp. at 14-16. Defendants reply that the Court has authority to grant relief under the plain language of Rule 41(d), and two exceptions to the Anti-Injunction Act apply: (i) Rule 41(d) is an expressly authorized "Act of Congress," and (ii) staying the state court action is "necessary in aid of [the Court's] jurisdiction." *See* 28 U.S.C. § 2283. Although the Court need not reach this issue because Defendants' motion is denied on other grounds, it notes that these "narrowly construed exceptions" do not apply here. *See Baumgarten v. County of Suffolk*, CV 07-539 JS AKT, 2007 WL 1490487, at *6 (E.D.N.Y. Feb. 20, 2007), *report and recommendation adopted*, 07-CV-539 JS AKT, 2007 WL 1490482 (E.D.N.Y. May 15, 2007) (quoting *Bess v. Spitzer*, 459 F. Supp. 2d 191, 201 (E.D.N.Y. 2007)). The remedy Defendants seek is not a uniquely federal remedy— Defendants could seek attorney's fees and costs through a motion for sanctions in state court. *See* N.Y. Comp. Codes R. & Regs. 22 § 130-1.1; *Baumgarten*, 2007 WL 1490487, at *7 (The "Act of Congress must have created a specific and uniquely federal right or remedy . . . that could only be enforceable in federal court.") (internal quotation and citation omitted). Further, a stay is not necessary as the

6

Applying the standards outlined above, the Court, in its discretion, declines to impose costs and fees against Plaintiff under Rule 41(d). The Complaint was filed in this Court on October 7, 2020, and Defendants filed a letter motion for a pre-motion conference to dismiss under Rule 12(b)(6) on January 6, 2021. *See* Compl.; DE [13]. Rather than respond and go through motion practice, Kwon voluntarily dismissed the Complaint, and the case was closed on January 14, 2021 just over three months after it commenced. *See* DE [16]. Because the parties were in an early stage of litigation, the work that Defendants claim they cannot use in the subsequently filed state court action concerning the federal claims is minimal. While true, as Defendants contend, that nuances exist between the FLSA and NYLL so that certain research or work product regarding the FLSA may not be useful in the state court case, *see* Defs.' Reply at 7-8, some of this research was already used in their pre-motion conference letter. *See* DE [13] at 1-2. As a result of this letter, Plaintiff voluntarily dismissed the case and omitted his federal claims from his state court complaint. Pl. Opp. at 14-15; *see generally* Pl. Opp. Ex. D. Moreover, Kwon is "willing to stipulate he will not bring his FLSA or Title VII claims in either state or federal court" to address any concerns Defendants may claim about having to "relitigate" those causes of action. Pl. Opp. at 15 n.2. Accordingly, Defendants' research on Plaintiff's federal claims was not wasted.

---

state court action does not "seriously impair the federal court's flexibility and authority" to decide the instant case because it has been closed since January 2021. *See* DE [16]; *Armstrong v. Real Estate Int'l, Ltd*, No. 05-CV-5383, 2006 WL 354983, at *3 (E.D.N.Y. Feb. 14, 2006).

7

Next, although a finding of bad faith is not required for Rule 41(d) relief, Plaintiff has provided a sufficiently good reason for the dismissal of the prior action that counters any inference that he was forum shopping or engaging in vexatious litigation. Rather than respond to Defendants' arguments in their pre-motion conference letter or amend the Complaint, Plaintiff chose to dismiss the case in federal court, delete the federal claims, and re-file the case in state court in the interests of judicial economy. Pl. Opp. at 12-13. The Court concludes that this reason was sufficient to voluntarily dismiss the federal action, and Defendants fail to demonstrate forum shopping or bad faith by Kwon in doing so and subsequently filing his case in state court. Accordingly, the Court finds that Rule 41(d) relief is unwarranted, and Defendants' motion is denied.[3]

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion for attorneys' fees and costs and to stay Plaintiff's state court action pursuant to Rule 41(d) is denied.

Dated: Central Islip, New York  
      June 16, 2022

**SO ORDERED**

/s/ Steven I. Locke  
STEVEN I. LOCKE  
United States Magistrate Judge

---

[3] Finally, the case law is not clear whether this Court has the authority to impose fees and costs under Rule 41(d) in this particular context where Plaintiff voluntarily dismissed his federal case and filed a new action in state court. The parties address this issue in their briefing, and indeed, they cite conflicting cases from federal district courts on this issue. *Compare Delvalle v. Cedric Kushner Promotions, Ltd.*, 2000 WL 1915808, at *1 (S.D.N.Y. Jan. 9, 2000) ("Rule 41(d) makes plain that only the court before which a new action is filed is given the power under the rule to award costs of the dismissed action.") *with Galva Union Elevator Co. v. Chicago and N.W. Transp. Co.*, 498 F. Supp. 26 (N.D. Iowa 1980) (granting fees under Rule 41(d) where plaintiff sought to refile action in state court). Moreover, certain case law suggests that while imposing Rule 41(d) costs and fees is within the district court's discretion, the rule's purpose is "to prevent forum shopping within the *federal* court system." *New Phone Co., Inc.*, 2007 WL 2908110, at *16 (emphasis added). In any event, Defendant's motion is denied for the reasons set forth above, so the Court need not decide this issue.